IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK MICHAEL YOUNG, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Civil Action No. 08-5J |
| ) | Judge Kim R. Gibson/ |
| CLEARFIELD COUNTY ) | Magistrate Judge Amy Reynolds Hay |
| COMMONWEALTH OF PLEAS; ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF PENNSYLVANIA, ) | |
| ) | |
| Respondents ) | |

## **MEMORANDUM ORDER**

The above-captioned habeas petition was received by the Clerk of Court on January 9, 2008, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. The Magistrate Judge's Report and Recommendation, Dkt. [4], filed on February 26, 2008, recommended that the Petition for Writ of Habeas Corpus be dismissed pre-service pursuant to Rule 4 because it was time barred or in the alternative, the claims were procedurally defaulted, and that a certificate of appealability be denied.

Petitioner filed objections to the Report and Recommendation. Dkt. [10]. Only two of Petitioner's objections bear any mention as the remaining objections are adequately disposed of by the Report.

Petitioner objects to the time-bar by noting that he discovered new information on October 26, 2007, when a copy of the Police affidavit of the incident leading to Petitioner's

conviction was read to him on October 26, 2007 for the first time. The affidavit stated that Petitioner "struck" his sister and Petitioner now contends that he had not known that this was what he was accused of. Even accepting this statement as true, Petitioner fails to explain why he could not have discovered what was stated in the police affidavit earlier than October 26, 2007, especially given the fact, as noted by the Report, that "Petitioner was sentenced to probation and apparently released from the County Jail shortly after his sentencing date to serve his probation. Hence, unlike someone incarcerated, he was free to find out these 'facts' if he were so inclined. In fact, it appears Petitioner had no desire to discover these 'facts' because he had negotiated a plea giving him probation and time served and had no incentive until his probation was revoked and he was sentenced to time in state prison, to challenge the conviction." Dkt. [4] at 8. Petitioner has utterly failed to demonstrate that he acted with due diligence to discover these facts so as to show entitlement to have the statute of limitations begin to run as of October 26, 2007.[1] DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) ("Here, the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)."); Brown v. Sec. Dept. of Corrections, 2007 WL 4482248, at *3 (M.D.Fla. Dec. 19, 2007)("Brown does not plead sufficient facts showing that the factual basis for his claims could not have been ascertained with due diligence within one year of the finality of his

---

[1] Petitioner does offer the following: (albeit in a discussion of why he never filed a PCRA petition): "I was never implied to retort in legality discussion to discover the known record of the Affidavit. . ." Dkt. [10] at 4. To the extent that Petitioner means to imply he never had incentive to discover the affidavit or to read the affidavit, the court understands Petitioner to be saying that until his probation was revoked and he was made to serve time in prison, he had no incentive to read the affidavit. While this may be true, such does not constitute the due diligence which the law requires of one who wishes to challenge his/her conviction via a federal habeas petition.

2

conviction."). Accordingly, Petitioner's objection to the time-bar is overruled.

Petitioner next attacks the procedural default rationale. He appears to be invoking the actual innocence exception (also known as the miscarriage of justice exception) to the procedural default holding of the Report. See Dkt. [10] at 5 ("I hope you can see the light of my actual innocence and know that my intermediate [sic] family was mistaken and are willing to testify and prove a Miscarriage of justice.").

The phrase "miscarriage of justice" has been explained by the Supreme Court to require a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995); United States v. Sorrells, 145 F.3d 744, 749 n.3 (5th Cir. 1998)("The 'actually innocent' standard is the same as the 'fundamental miscarriage of justice' standard, which applies 'when a constitutional violation probably has caused the conviction of one innocent of the crime.'"). Moreover, "actually innocent" means factual innocence and not just legal innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998)("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."). This actual innocence claim or miscarriage of justice claim is a gateway claim,[2] meaning that Petitioner's claim is because I am actually innocent, the Court should overlook my procedural defaults and address my habeas claims on the merits.

---

[2] The Supreme Court in Schlup v. Delo, 513 U.S. 298, 327 (1995) explained that an actual innocence claim in the context of seeking to have a procedural default "forgiven" so as to have the procedurally defaulted claims reviewed on the merits is a "gateway" claim. In other words, the claim of actual innocence in the Schlup context is **not** a claim that because I am actually innocent by virtue of that fact alone I am entitled to federal habeas relief but rather is a claim that contends because I am actually innocent, the court should forgive my procedural default in the state courts and consider my procedurally defaulted claims on their merits. Schlup, 513 U.S. at 315. The Court in Schlup contrasted such a "gateway" claim to a "freestanding" claim of actual innocence such as raised in Herrera v. Collins, 506 U.S. 390 (1993), wherein the claim was precisely, because I am actually innocent, by virtue of that fact alone, I am entitled to federal habeas relief.

3

In order to make a showing of "actual innocence" a petitioner must

> satisfy a two-part test in order to obtain review of otherwise procedurally barred claims. First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial. Schlup, 513 U.S. at 327-28. Second, the petitioner must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.

Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).[3] It is not enough that in light of the new evidence a reasonable doubt may exist as to the Petitioner's guilt, the test is even more onerous than that. In Schlup, the Supreme Court reiterated that "[t]he meaning of actual innocence as formulated by Sawyer and Carrier does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." Schlup, 513 U.S. at 329. Moreover, the fact that Petitioner pleaded guilty does not render these principles inapplicable. See, Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000)("Where the defendant pleaded guilty (as in the instant case), and therefore did not have the evidence in his case evaluated by a jury, the standard nevertheless remains the same- i.e., the petitioner still must show that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'").

Petitioner has failed to meet this standard as he has failed to point to any new evidence of innocence given that the only "new" evidence Petitioner points to is: 1) the police affidavit and

---

[3] There does appear to be one narrow exception to the requirement of producing new evidence in order to successfully demonstrate a "miscarriage of justice." See, e.g., United States v. Garth, 188 F.3d 99 (3d Cir. 1999). However, for reasons explained in Sweger v. Chesney, 294 F.3d 506, 523 n.18 (3d Cir. 2002) and Gale v. Rozum, No. 06-CV-1266, 2006 WL 2092572 (M.D.Pa. July 25, 2006), the narrow Garth exception does not apply here. Whereas in Garth, a subsequent construction of a criminal statute by the United States Supreme Court may have rendered the petitioner not guilty of the crime, no such factual scenario is present here.

4

2) the now seeming willingness of Petitioner's mother and sister to testify that Petitioner accidentally came into contact with his sister. As to the police affidavit, it was in existence at the time of the plea, hence, it cannot be considered "new" evidence. As for the apparent willingness of Petitioner's mother and sister to testify that what happened was an "accident" when Petitioner's sister's arm was scratched, which scratch apparently formed the basis of Petitioner's conviction for simple assault and harassment, the court cannot conclude that in light of such evidence, "no reasonable juror would have found the defendant guilty" of the crime of simple assault. Both Petitioner's version of the facts, as recounted in the habeas petition, and any testimony from his mother or sister that would corroborate Petitioner's version of the incident as an accident, would still permit a reasonable juror to find him guilty of the crime of simple assault.

The crime of simple assault is defined as

> (a) Offense defined.--A person is guilty of assault if he:
> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
> (2) negligently causes bodily injury to another with a deadly weapon;
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
> (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

18 Pa.C.S.A. §2701(a)(1). Petitioner himself concedes that the "[o]riginal incident was a debate and a unitential [sic] accidental scratch on sisters' [sic] forearm that 'she did herself' by swinging her arm down on a piece of T.V. stand paneling I was holding in close encunterance [sic]." Dkt.

[3] at 10, "Ground Four." The "new evidence" to which Petitioner now points is a recent willingness on the part of his mother and sister to now testify to the events in a manner "coinciding with my version" of the events. Dkt. [10] at 3. Even accepting all this as true, such would not alter the outcome. In light of Petitioner's plea of guilt to the charges of Simple Assault and Harassment, and accepting Petitioner's own conceded version of the events, namely, Petitioner's holding of the T.V. stand paneling in close proximity to his sister while they were engaged in a "debate" which caused Petitioner's sister to become injured, and accepting the new corroboration from Petitioner's mother and sister of Petitioner's version of the events, a reasonable juror could have found that, Petitioner's actions, as described, amounted to Petitioner "recklessly caus[ing] bodily injury to another" within the contemplation of the statutory language. Viewing all of this "evidence" in a light most favorable to the prosecution,[4] a reasonable juror could have found it reckless of Petitioner to stand near his sister and hold, in close proximity to her, T.V. stand paneling while engaged in a "debate" that was apparently heated. Because Petitioner has failed to establish his actual innocence of the crime, the Court cannot consider his procedurally defaulted claims.[5]

As none of Petitioner's objections, whether specifically addressed herein or not, is found

---

[4] See, e.g., Parr v. Quarterman, 472 F.3d 245, 252-53 (5th Cir. 2006)("Viewing the facts in a light most favorable to the prosecution, we conclude a reasonable juror could have reached the conclusion that Parr committed rape and/or burglary, and murder.").

[5] To the extent that Petitioner is making a free standing actual innocence claim, i.e., claiming that his actual innocence is itself a ground for constitutional relief, i.e., it violates the constitution to punish an innocent person even if there were no constitutional errors committed, as was made in Herrera v. Collins, 506 U.S. 390 (1993), the court's conclusion above that Petitioner did not meet the lesser standard under Schlup v. Delo, resolves that claim under the more stringent standard of Herrera. See Schlup v. Delo, 513 U.S. at 316-317; Thomas v. Taylor, 170 F.3d 466, 473 (4th Cir. 1999)("Regardless of whether we apply the more lenient standard of Schlup or the stricter standard of Herrera . . .").

6

to be meritorious, the following order is entered.

AND NOW, this 11th day of April 2008, after de novo consideration of the Report and Recommendation and Petitioner's objections thereto, and upon independent review of the record, it is hereby ORDERED that the habeas petition be DISMISSED as time barred and/or as procedurally defaulted that is it ORDERED that a certificate of appealability is DENIED. The Report is adopted as the opinion of the Court as supplemented by this Memorandum Order. Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).

Kim R. Gibson
United States District Judge

cc: The Honorable Amy Reynolds Hay
United States Magistrate Judge

Derek Michael Young
HD-7250
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

7